IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

JUAN C. RIVERA-PEDROGO,

Plaintiff,

v.

DR. FERNANDO L. VILLAMIL-WISCOVITCH,

Defendant.

CIVIL NO. 22-1039 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

On January 24, 2022, Plaintiff Juan C. Rivera-Pedrogo ("Plaintiff") brought forth this medical malpractice case in federal court due to a failed spinal surgery. (Docket No. 1). On March 21, 2023, the Court denied Defendant's Motion to Dismiss alleging lack of diversity jurisdiction finding that Defendant's true domicile at the time of the filing of the Complaint was in Oklahoma. (Docket No. 59).

On May 11, 2023, Defendant filed a Motion to Stay Case Due to Bankruptcy Filing ("Motion to Stay"). (Docket No. 65). In a meager two (2) page sloppy motion[1] citing no legal authority, Defendant requested the Court to stay the case because Plaintiff filed this case before Defendant filed for bankruptcy and "the Bankruptcy filed by [Defendant] covers this case which must be automatically stayed." Id. at p. 2. Plaintiff timely opposed. (Docket No. 76). In Plaintiff's well-written opposition, he argues that the automatic stay should not apply to this cause of action because (1) the federal lawsuit was filed well after

---

[1] The motion states in paragraph 1 that *Plaintiff* filed Bankruptcy Case 19-06327-BKT on October 30, 2019, which evidently is a typo because it was *Defendant* who filed the bankruptcy case. In addition, paragraph 3 says October 30, *2009*, which is another typo because the date should be October 30, 2019.

Case 3:22-cv-01039-CVR   Document 87   Filed 06/26/23   Page 2 of 7

Juan C. Rivera Pedrogo v. Dr. Fernando L. Villamil-Wiscovitch
Opinion and Order
Civil No. 22-1039 (CVR)
Page 2
_____

Defendant's bankruptcy case was closed and Final Decree was entered,[2] and (2) Plaintiff was never included as a creditor, nor was he ever notified of the bankruptcy petition filed by Defendant. Id. at p. 3. On June 23, 2023, Defendant filed a two-page reply. (Docket No. 82). Short of stating that he leaves "the issue of the correctness or not of the stay of this case . . . up to this Honorable Court's discretion", Id. at p. 2, Defendant did not address any of the arguments set forth in Plaintiff's opposition.

For the reasons explained below, the Court hereby DENIES Defendant's Motion to Stay. (Docket No. 65).

## LEGAL STANDARD

Federal courts have the inherent power to stay proceedings born from the power of "every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." Landis v. North American Co., 299 U.S. 248, 254, 57 S.Ct. 163, 163, 166 (1936). In exercising this power, the Court must "weigh competing interests and maintain an even balance." Id. at pp. 254-55. This Court has previously stated that it has the authority to impose, lift, or modify a stay for prudential reasons. In re Financial Oversight and Management Board of Puerto Rico, 617 B.R. 173, 179 (D.P.R. 2020) (quoting Microfinancial, Inc. v. Premier Holidays Intern, Inc., 385 F.3d 72, 77 (1st Cir. 2004); Green v. Cosby, 177 F.Supp.3d 673, 681 (D. Mass 2016)).

## LEGAL ANALYSIS

The crux of the issue in this case is whether Plaintiff's claim should be stayed pursuant to section 362(a)(1) of the United States Bankruptcy Code. "The automatic stay is among the most basic of debtor protections under bankruptcy law." In re Soares, 107

---

[2] Docket No. 76 at p. 3 and Docket No. 76-14.

Case 3:22-cv-01039-CVR   Document 87   Filed 06/26/23   Page 3 of 7

Juan C. Rivera Pedrogo v. Dr. Fernando L. Villamil-Wiscovitch
Opinion and Order
Civil No. 22-1039 (CVR)
Page 3
_____

F.3d 969, 976 (1st Cir. 1997) (citing Midatlantic Nat'l Bank v. New Jersey Dep't of Envtl. Protection, 474 U.S. 494, 503, 106 S.Ct. 755, 760 (1986)).  It looks to "'give debtors breathing room by stopping collection efforts in their tracks and permitting their resumption only when the stay is lifted by the bankruptcy court or dissolved by operation of law.'" In re Shamus Holdings, LLC, 342 F.3d 263, 265 (1st Cir. 2011) (citing 229 Main St. Ltd. P'ship v. Mass. Dep't of Envtl. Prot. (In re 229 Main St. Ltd. P'ship), 262 F.3d 1, 3 (1st Cir. 2001)).³ Section 362 of the United States Bankruptcy Code governs the instances in which in automatic stay is triggered.  11 U.S.C.A. § 362.

Relevant to this case is section 362(a)(1), which imposes an automatic stay as to any entity that commences a judicial action or proceeding against the debtor before the bankruptcy petition was filed.  See 11 U.S.C.A. § 362(a)(1); Shamus Holding, LLC, 642 F.3d at 265-66.  This means that any prepetition case is automatically stayed once the bankruptcy process starts.  See Soares, 107 F.3d at 975 ("The [automatic] stay springs into being immediately upon the filing of a bankruptcy petition [;] . . . it operates without the necessity for judicial intervention.'" (citing Sunshine Dev., Inc. v. FDIC, 33 F.3d 106, 113 (1st Cir. 1994)).

Pursuant to the record, Plaintiff originally filed a medical malpractice suit in the Puerto Rico Court of First Instance, San Juan Part, on October 28, 2019. (Docket No. 65 at p. 2 and Docket No. 76 at p. 2).  This is the lawsuit Defendant refers to in his Motion to Stay.  Id.  Two (2) days later, on October 30, 2019, Defendant filed for bankruptcy —Case No. 19-06327— pursuant to Chapter 11 of the United States Bankruptcy Code, 11 U.S.C.A.

---

³ See also In re 31 Tozer Road, LLC, Civil No. 17-cv-10013-IT, 2018 WL340028, at *2 (D. Mass. Jan. 9, 2018) ("The purpose of the automatic stay is 'to provide a fresh start to the honest debtor and to ensure a uniform distribution of nonexempt assets to creditors of the same class.'" (citing In re Slabicki, 466 B.R.R. 572, 577 (B.A.P. 1st Cir. 2012)).

§ 1101 *et seq.* (Docket No. 65 at p. 1 and Docket No. 76 at p. 2). These facts alone lean in favor of granting Defendant's Motion to Stay. However, what Defendant's Motion to Stay fails to mention is that the story does not end there.

On March 21, 2020, Plaintiff voluntarily dismissed the local court complaint. (Docket No. 76, at p. 2). Plaintiff subsequently filed an extrajudicial claim, notifying Defendant of his intent to sue, which Defendant received on February 23, 2021. Id. at p. 3; (Docket No. 1 at p. 8, ¶ 6.3). Despite knowing of Plaintiff's intention to bring forth the federal lawsuit, the record does not show that Defendant notified Plaintiff of his Chapter 11 bankruptcy case, nor did Defendant include Plaintiff in the list of creditors he filed with his voluntary bankruptcy petition,[4] a requirement in these types of cases. See 11 U.S.C. § 521(1)(a); In re Moretti, 260 B.R. 602, 607 (B.A.P. 1st Cir. 2001) ("[A] debtor in a voluntary case must file the list of creditors, including the name and address of each creditor...." (citation omitted)). Defendant also failed to include Plaintiff in the amended schedule he filed on January 31, 2020,[5] while the local case was still pending before the Puerto Rico Court of First Instance. (Docket No. 76 at p. 2).

It was not until January 24, 2022, that Plaintiff filed the present medical malpractice claim in federal court— well over two (2) years after the bankruptcy petition was filed. By the time Plaintiff presented his Complaint in federal court,[6] more than four (4) months had passed since Final Decree had been entered on Defendant's bankruptcy

---

[4] Docket No. 76-1 at pp. 9-15, 22-2).

[5] Docket No. 76-11 at pp. 5-15.

[6] The record also shows that Plaintiff filed notice of the Complaint and a waiver for service of summons to Defendant via certified mail, which Defendant received on January 31, 2022. (Docket No. 76-15).

Case 3:22-cv-01039-CVR   Document 87   Filed 06/26/23   Page 5 of 7

Juan C. Rivera Pedrogo v. Dr. Fernando L. Villamil-Wiscovitch
Opinion and Order
Civil No. 22-1039 (CVR)
Page 5
_____

case and was closed. (Docket No. 76-14). At no point during this time did Defendant ever include Plaintiff as a creditor or, at the very least, inform him of the bankruptcy case.

Plaintiff remained completely in the dark about Defendant's bankruptcy case until he came upon it while conducting research for his opposition to Defendant's Motion to Dismiss, around February 2023. (Docket Nos. 41 and 76 at p.4). Only then did he first learn Defendant had undergone a Chapter 11 bankruptcy proceeding, which Plaintiff had never been a part of. (Docket No. 76 at p. 4). Even so, it was not until May 30, 2023, that Defendant finally presented an amended schedule, for the first-time listing Plaintiff as one of his creditors. (Docket No. 76-18 at p.12). By then, Defendant had already filed his Motion to Stay, and the bankruptcy case had been reopened[7] but for the sole purpose of filing an adversary proceeding against his ex-wife for violating the automatic stay. (Docket No. 76-17).

From the preceding facts, Plaintiff's federal lawsuit was filed over two years after Defendant's voluntary bankruptcy petition. As such, the federal lawsuit constitutes a post-petition claim, not a prepetition claim, as Defendant would have the Court believe.

Unlike claims arising before the start of a bankruptcy petition, "[a]ctions on claims that arise after the commencement of the [bankruptcy] case **are not stayed**." 3 Collier on Bankruptcy ¶ 362.03[3][c] (16th ed. 2023) (emphasis added). This norm has been adopted by most of the Circuits, including the First Circuit. See In re Gull Air, Inc., 890 F.2d 1255, 1263 (1st Cir. 1989) ("[P]roceedings or claims arising post-petition are not subject to the automatic stay of section 362(a)(1)." (citing Arvellino & Bienes v. M. Frenville Co., Inc. (In the Matter of M. Frenville Co., Inc.), 744 F.332, 335 (3d Cir. 1984));

---

[7] Docket No. 76-16.

In re Rodríguez, 629 F.3d 136, 138 (3rd Cir. 2010) ("The automatic stay is applicable only to claims that arise pre-petition, and not to claims that arise post-petition."); Bellini Imports, Ltd. v. Mason and Dixon Lines, Inc., 944 F.3d 199, 201 (4th Cir. 1991) ("[The automatic stay] does not include actions arising post-petition."); Campbell v. Countrywide Home Loans, Inc., 545 F.3d 348, 353 (5th Cir. 2008) ("The stay prohibits the collection of any pre-petition debt but does not apply to claims that arise post-petition."); Gersh v. Phar-Mor, Inc., 108 F.3d 1376 (6th Cir. 1997) (unpublished table opinion) (holding that "the automatic stay did not apply to [Plaintiff's] claim, which arose post-petition."); In re Dunbar, 245 F.3d 1058, 1063 n. 3 (9th Cir. 2001) (holding that the distinction between a post-petition claim and a post-petition judgment "is important because post-petition claims are not subject to the automatic stay."); Garret v. Cook, 652 F.3d 1249, 1255 (10th Cir. 2011) ("Thus, 'the stay is limited to actions that could have been instituted before the petition was filed or that are based on claims that arose before the petition was filed. IT does not include actions arising post-petition.'" (citing Bellini Imports, Ltd., 944 F.2d at 201)).

The Court sees no reason to deviate from this widely accepted standard and, frankly, Defendant has not put the Court in a position to rule otherwise.[8] Thus, as

---

[8] The Court reminds Defendant of the dangers that come with merely mentioning an argument that lacks any legal basis to support or develop it. Well-settled First Circuit precedent states that "'it is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones.'" Alston v. Int'l Assoc. of Firefighters, Local 950, 998 F.3d 11, 25 (1st Cir. 2021) (citing U.S. v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990)). Therefore, "'issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" Id. See also In re Financial Oversight and Management Board of Puerto Rico, 979 F.3d 10, 19 n. 5 (1st Cir. 2020); U.S. Securities and Exchange Commission v. Sargent, 66 F.4th 11, 13 n. 1 (1st Cir. 2023); Mega Media Holdings, Inc. v. Aerco Broadcasting Corp., 852 F.Supp.2d 189, 197 (D.P.R. 2012); Ramirez-Lluveras v. Pagán-Cruz, 919 F.Supp.2d 214, 216 n. 6 (D.P.R. 2013). The Court urges Defendant to be more cognizant of this moving forward. However, the Court will not go so far as to waive Defendant's argument, seeing as it is inapplicable with the facts of this case.

Plaintiff's federal claim is a post-petition claim, the automatic stay does not apply. The Court need not go further in its analysis.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Stay is hereby DENIED. (Docket No. 65).

IT IS SO ORDERED.

In San Juan, Puerto Rico, on this 26th day of June 2023.

          S/CAMILLE L. VELEZ-RIVE
          CAMILLE L. VELEZ-RIVE
          UNITED STATES DISTRICT JUDGE